# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1047 | **DATE** | 1/26/2011 |
| **CASE TITLE** | The Moorish National Republic, et al. vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, Plaintiffs' motion to strike Defendant's granted motion for stay of discovery [31], which the Court construes as an objection to Magistrate Judge Keys' order of 7/28/10 granting Defendants' motion to stay discovery, is denied.

■[ For further details see text below.]

Docketing to mail notices. Notices mailed by Judicial staff.
*Copy to judge/magistrate judge.

## STATEMENT

On June 30, 2010, Plaintiffs were given leave to file their complaint in this matter. Attached to Plaintiffs' complaint are 46 requests for admissions as well as a request for production. Defendants have filed two motions to dismiss Plaintiffs' complaint, one for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) [43] and one for Plaintiffs' alleged misrepresentations of their financial status on their in forma pauperis ("IFP") application [56]. In a minute order [59], the Court has stayed briefing on the 12(b)(6) motion to dismiss in order to first resolve Defendants' allegations that Plaintiffs made misrepresentations in their IFP application. Within the past month, Plaintiffs have filed a response brief in opposition to the second motion to dismiss and Defendants have filed a reply in support of that motion. The Court will issue a written ruling on the motion in due course.

On July 28, 2010, Magistrate Judge Keys granted Defendants' motion to stay discovery. At the time that Judge Keys granted the motion to stay, the Court had not yet authorized the parties to conduct discovery nor had the parties engaged in a Rule 26(f) conference. As pointed out by Defendants in their motion to stay [26], allowing Plaintiffs to proceed with their discovery before Defendants had an opportunity to investigate and respond to Plaintiffs' claims would prejudice Defendants and be an inefficient use of both the parties' and the Court's resources.

Plaintiffs filed a document entitled "motion to strike Defendant's granted motion for stay of discovery." The Court construes that motion as an objection to Magistrate Judge Keys' ruling. See Fed. R. Civ. P. 72(a); see also *Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006) (where, as here, a district court considers objections to a magistrate judge's rulings on nondispositive matters, the magistrate judge's disposition will be set aside only if it is "clearly erroneous or contrary to law"). Upon review of the objections in light of the circumstances that existed at the time of the decision in question, the Court concludes that Plaintiffs have not set forth any reason for disturbing Judge Keys' ruling. To the extent that discovery is now proceeding in the case

| STATEMENT |
|---|
| in some fashion [see 66], it remains for Judge Keys in the first instance to supervise the scope of that discovery. For these reasons, Plaintiffs' motion to strike Defendants' granted motion for stay of discovery [31] is respectfully denied.<br><br>*[signature]* |