# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1047 | **DATE** | 4/18/2011 |
| **CASE TITLE** | The Moorish National Republic, et al. vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, the Court denies Defendants' motion to dismiss this lawsuit [56], but sanctions Plaintiff Sheik L. Love EL in the amount of $450 for the material omissions in his application for leave to proceed *in forma pauperis*. If Plaintiff wishes to proceed with this lawsuit, he is ordered to pay $350 to the Clerk of Court and $100 to the United States of America (through the Clerk of the Court) on or before May 9, 2011. If payment is not made by May 9, this case will be dismissed with prejudice.

■[ For further details see text below.]

Docketing to mail notices. Notices mailed by Judicial staff.
*Copy to judge/magistrate judge.

## STATEMENT

Plaintiffs Moorish National Republic: Federal Government Moorish Divine and National Movement of the World, Moorish Science Temple of America, Sheikess Diana EL, and Sheik L. Love EL have filed a complaint naming the City of Chicago, Mayor Richard Daley, and other unnamed Chicago Police Department employees as Defendants. Plaintiffs seek damages under 42 U.S.C. § 1983 in connection with three incidents allegedly involving Chicago police officers. On June 30, 2010, Plaintiff Sheik Love EL was granted leave to proceed *in forma pauperis* ("IFP") [see 18] on the basis of representations that Sheik Love EL made in his IFP application, sworn to be true under penalty of perjury. Defendants now move for dismissal with prejudice, asserting that they have uncovered evidence that Sheik Love EL lied on his IFP application.

## I.     Background

On February 16, 2010, Plaintiffs filed their thirteen-count complaint, alleging various state law violations and constitutional violations premised on 42 U.S.C. § 1983. On April 27, 2010, the Court issued a minute order [7] noting that Plaintiffs had neither paid the $350 filing fee nor filed an IFP application. Plaintiffs refused to pay the filing fee or submit a financial statement because they believed that both requirements violated their constitutional rights. On May 28, 2010, the Court issued an order [12] once again noting that Plaintiffs had neither paid the required filing fee nor submitted a properly completed application for leave to proceed *in forma pauperis* with supporting financial affidavit. Plaintiffs again refused to submit the proper forms based on Plaintiffs' constitutional challenges to the statutory requirements concerning the payment of filing fees. Plaintiffs maintained that the Court's "demand" for a financial statement "is used as an instrument to deny [them] due process of law and [their] right to free access to the courts." Unpersuaded by Plaintiffs' arguments in view of the pertinent statutory authority and case law, the Court gave Plaintiffs until June 16, 2010, to either (1) tender

to the Clerk of the Court the $350 filing fee or (2) file with the Clerk of the Court an application for leave to proceed *in forma pauperis* with a completed financial affidavit.

On June 16, 2010, Plaintiff Sheik L. Love EL filed an application for IFP status [13], asserting that he was last employed in 2008 with Elite Realty and Rehab. For every other question on the application, he marked either "no" or "none." Specifically, he stated that he was not currently employed, denied receiving more than $200 in the last twelve months from any other source (including wages, self-employment, rental income, or gifts), and stated that no one else living with him had received more than $200 in the past twelve months. He attested that he did not own any stocks, bonds, securities, or other financial instruments, and he denied that he or anyone living with him owned real estate, automobiles worth more than $1000, or other personal property worth more than $1000. The IFP application warns that the responses are made under penalty of perjury and states that "the court shall dismiss this case at any time if the court determined that [the] allegation of poverty is untrue." Sheik Love EL signed the application.

On June 30, 2010, the Court granted Plaintiff Sheik Love EL's application to proceed *in forma pauperis* [18]. Defendants have now moved to dismiss this case on the ground that Plaintiff Sheik Love EL lied on his IFP application. In support of their motion, Defendants provided evidence through public documents and Sheik Love EL's own admissions that he failed to disclose certain assets on his IFP application in this case. According to Defendants, these misrepresentations first came to their attention upon discovering that Plaintiffs filed a complaint on October 12, 2010, against defense counsel and the U.S. Marshals Service arising out of Sheikess Diana EL's arrest on September 21, 2010. See *Sheik L. Love EL, et. al., v. DOJ—United States Marshals Service, et. al.*, 10 CV 6536 (Zagel, J.). On that same day, Sheik Love EL filed an IFP application in that case, which is substantially similar to the one presented in this case, but with one difference—in response to Question # 2, Sheik Love EL failed to disclose the beginning and ending dates of his last employment, whereas in the IFP application in the case at bar, he disclosed that information. In that case, Judge Zagel denied Sheik Love EL's motion to proceed *in forma pauperis*, observing that Sheik Love EL's claim that he received "no income * * * from any source including gifts * * * would leave him without the ability to acquire any necessity of life, i.e. housing, food, and clothes." As a result, Judge Zagel terminated the case.

Upon receiving Judge Zagel's order, counsel for Defendants investigated the representations in Sheik Love EL's IFP application. According to the exhibits attached to Defendants' motion, Defendants maintain that Sheik Love EL failed to disclose (1) his employment with the Moorish Science Temple of America ("MTSA") (a religious corporation); (2) the fact that he is self-employed as a "foreclosure specialist," (3) his ownership interest in the real property located at 5916 S. Sangamon Street, and (4) the MTSA's ownership interest in the real property located at 5916 S. Sangamon Street. Defendants contend that Sheik Love EL's failure to disclose his employment and his interest in real property demonstrate that Plaintiffs have misrepresented their financial status and are not impoverished, and Defendants ask for dismissal with prejudice as a sanction.

## II.    Analysis

The purpose of the IFP statute is to allow individuals who are unable to afford the costs of litigation the ability to still bring their claims before the Court. See 28 U.S.C. § 1915. "The opportunity to proceed *in forma pauperis* is a privilege provided for the benefit of indigent persons and the court system depends upon the honesty and forthrightness of applicants to ensure that the privilege is not abused." *Chung v. Dushane*, 2003 WL 22902561, at *2 (N.D. Ill. 2003) (citing *Denton v. Hernandez*, 504 U.S. 25, 27 (1992)). Pursuant to 28 U.S.C. § 1915 (e)(2)(A), "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that * * * the allegation of poverty is untrue."

# STATEMENT

In reviewing a person's ability to pay court costs, the Court seeks a whole host of information, including the following: whether the applicant is incarcerated, employed or married; whether the applicant or anyone living in his residence has received more than $200 from any of various sources in the previous twelve months, or if the applicant or cohabitant has more than $200 in cash or in a bank account, or any stocks, bonds or securities; whether the applicant or anyone living with the applicant owns any real estate, automobile, boat/trailer/mobile home; and whether the applicant has any dependents. The IFP application clearly requires a plaintiff to disclose his employment and any properties in which he has an interest.

In their response to Defendants' motion to dismiss, Plaintiffs do not contend that they did not understand the IFP application or that they were laboring under duress while filling out the application. Rather, they maintain that dismissal is not appropriate because (1) they would be prejudiced by dismissal of the instant action, (2) Sheik Love EL does not earn a salary from the MTSA and therefore was not required to disclose his employment, (3) the MTSA does not have liquid assets, including the property located at 5916 S. Sangamon, and thus disclosure was not required, and (4) the property at 5916 S. Sangamon is not held in title by Sheik Love EL, therefore disclosure of his equitable and beneficial interest is not necessary. In short, Plaintiffs concede that Sheik's IFP application and affidavit omitted information regarding Sheik Love EL's employment and interest in certain real property. They insist, however, that the omissions are immaterial because, despite his employment and any documents reflecting his interest in real estate, he remains impoverished.

Plaintiffs have not denied that Sheik Love EL has been employed by the MTSA since September 1997. See Plaintiffs' Response at ¶12. However, Plaintiffs argue that because he does not earn a salary, disclosure was not required. To the contrary, Plaintiffs had a duty to disclose Sheik Love EL's employment on the IFP application to assist the Court in determining whether he was impoverished despite his employment. At a minimum, disclosure of Sheik Love EL's ongoing employment relationship with the MTSA may have prompted further inquiry into any tangible financial benefits that accrue from that relationship, even if Sheik Love EL does not receive a "salary." Furthermore, Plaintiffs represent that the MTSA is "an Express Trust containing a vast estate." See Plaintiffs' Response at ¶13. Yet nowhere in the IFP Application are the assets of this "vast estate" identified, nor does the application account for any income, interest, or dividends earned by the "vast estate." Plaintiffs contend that the estate was not disclosed because it is not "liquid." See Plaintiffs' Response at ¶13. Whether the assets are liquid or not, and no matter the value, the MTSA's "vast estate" was required to be disclosed to the extent that Sheik Love EL has any interest in it. See, *e.g.*, *Mathis v. New York Live Ins. Co.*, 133 F.3d 546, (7th Cir. 1997) (where a property owner fails to disclose an ownership interest in real property, such failure constitutes grounds for dismissal). Furthermore, although Sheik Love EL claimed no interest in real property in his IFP application and in Plaintiffs' response brief, documents which were executed by him, and subsequently recorded against the property located at 5916 S. Sangamon, belie that assertion. See Defendants' Exhibit 6 ("Testimonium of Titulusim" which states that Sheik Lyonel Montia Love-EL is the "Equitable Owner/Beneficiary" of 5916 S. Sangamon in Chicago, Illinois). Plaintiffs claim that "[a]n individual name should never be added" to the deed, but the executed Testimonium has the effect of doing just that.

Essentially, rather than refuting Defendants' evidence, Plaintiffs attempt to explain why their failure to make full disclosures is immaterial. In doing so, Plaintiffs miss the point of an IFP application, which is for the Court to review all of the information requested on the application, in conjunction with the applicable standards, and make an independent assessment of whether a plaintiff should be required to pay the filing fee. As noted above, in some instances the information disclosed by the applicant prompts further inquiry from the Court. Plaintiffs' attempt to filter the information through their own self-interested perception of what is relevant versus not relevant thwarts the purpose of an IFP application. At a minimum, the explanations set forth in Plaintiffs' response brief should have been included in the IFP application and presented to the Court for consideration. Instead, by omitting information from the IFP application, it was Plaintiffs (not the Court) who assessed Sheik's employment, his property interest, and MTSA's interests and concluded that they were deserving of IFP status.

# STATEMENT

Previously, 28 U.S.C. § 1915(e)(2)(A) granted district courts discretion to determine whether a false statement in an IFP application warranted dismissal of the case. See, *e.g.*, *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) ("Section 1915(d) provides: 'The court * * * may dismiss the case if the allegation of poverty is untrue * * *"). However, in 1996, § 1915 was amended to require dismissal in such situations: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall* dismiss the case at any time if the court determines that-(a) the allegation of poverty is untrue * * *." 28 U.S.C. § 1915(e)(2)(A) (emphasis added). Although some case law suggests, and many courts have found, that any untrue allegation of poverty in a motion to proceed *in forma pauperis* mandates dismissal (see *McRoyal v. Commonwealth Edison* Co., 263 Fed. Appx. 500, 502 (7th Cir. 2008); *Thomas v. General Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002); *Weaver v. Borgwarner Transmission Sys., Inc.*, 2009 WL 4798220, at *4 (N.D. Ill. Dec. 14, 2009); *Cheairs v. United Water/Suez*, 2009 WL 3568660, at *5 (N.D. Ind. Oct. 26, 2009) *Pelmer v. Dean*, 562 F.Supp.2d 1006, 1008 (N.D. Ill. 2008); *Bawaney v. TCF Bank*, 2006 WL 3523842, at *2 (N.D. Ill. June 24, 2006)), the Seventh Circuit Court of Appeals and district courts have declined to impose the ultimate sanction of dismissal notwithstanding untrue allegations of poverty on the application when the plaintiff has not "reaped the benefits of *in forma pauperis* status." *Hrobowski v. Commonwealth Edison Co.*, 203 F.3d 445, 448 (7th Cir. 2000); see also *Kim v. Earthgrains Co.*, 2010 WL 2610460, at *3 (N.D. Ill. June 24, 2010). In some instances, courts have sanctioned plaintiffs with monetary penalties, rather than dismissal with prejudice, for misrepresentations on an IFP application. See *McRoyal v. Commonweath Edison Co.*, 2007 WL 164221, at *2 (N.D. Ill. Jan. 17, 2007); see also *Bray v. United Water*, 2010 WL 5231315, at *3-*4 (N.D. Ind. Dec. 16, 2010) (imposing a non-monetary sanction, but not dismissal of the case, upon finding that the plaintiff lied on his IFP application).

In the Court's view, the circumstances of this case do not fit easily within the paradigmatic cases cited above. It is clear from the case law that if a court affirmatively determines that Plaintiff's "allegation of poverty was false," then the court has "no choice" but to dismiss the lawsuit–although it lies within the court's discretion to dismiss with or without prejudice. *Thomas*, 288 F.3d at 306 (affirming dismissal of lawsuit with prejudice where plaintiff failed to disclose expected $58,990 payment). But the delict here, while serious, was not as egregious as in *Thomas* (or may other analogous cases) because it is not evident from the record that Plaintiff Sheik Love EL would not have qualified for IFP status had his application been complete. Put slightly differently, while it is clear that Sheik Love EL's application was incomplete, but it is not clear that the "allegation of poverty was false." *Id.*

In these circumstances, the Court concludes that the sanction of outright dismissal is too harsh. At the same time, however, permitting Plaintiff to resubmit his financial information–essentially a "do over"–would be too lenient. The undisputed evidence before the Court, consisting of Plaintiffs' representations in their response brief and Defendants' exhibits, demonstrates that Plaintiff Sheik Love EL made incomplete statements on his application to proceed *in forma pauperis* by stating that he was not employed and that he did not own any interest in any real estate. Employment information and real estate holdings are an integral part of the Court's decisionmaking process when ruling on an IFP motion. Plaintiffs were required to disclose all assets, including an interest in real property, which bear on their claims of poverty. Further, Sheik Love EL was required to disclose his employment, whether salaried or not. These material omissions are serious enough to merit a sanction, although one short of dismissal.

A "district court has inherent authority to sanction conduct that abuses the judicial process." *Montano v. City of Chi.*, 535 F.3d 558, 563 (7th Cir. 2008) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991); *Dotson v. Bravo*, 321 F.3d 663, 667 (7th Cir. 2003)); *McRoyal*, 2007 WL 164221, at *2. "The sanction imposed should be proportionate to the gravity of the offense." *Id.* (citing *Allen v. Chi. Transit Auth.*, 317 F.3d 696, 703 (7th Cir. 2003). Although the Court finds that dismissal is too harsh a sanction under the circumstances described above and, thus, denies Defendants' motion to the extent it seeks dismissal on this basis, the Court nevertheless finds

that a lesser sanction is appropriate for Plaintiffs' conduct in making what, at a minimum, were materially incomplete statements to the Court on the application to proceed *in forma pauperis*. As Chief Judge Easterbrook has said in another, but not unrelated context, "[p]laintiffs who attempt to deceive federal judges * * * cannot expect favorable treatment on matters of discretion." *Campbell v. Clarke,* 481 F.3d 967 (7th Cir. 2007).

After careful deliberation, the Court concludes that an appropriate sanction for Plaintiff Sheik Love EL's conduct is to force him to disgorge "the benefits of *in forma pauperis* status" (*Hrabowski*, 203 F.3d at 448) if he wishes to proceed with this lawsuit. Although the Court does not have sufficient information to determine conclusively whether Plaintiff is "impoverished" (and thus would be eligible for IFP status), the cause of that information gap is Plaintiff's own conduct. To date, because the Court has not appointed counsel (nor has it been asked to do so), the benefits that Plaintiff has obtained as a result of his IFP status have been (1) permission to proceed (thus far) without paying the filing fee and (2) service of the complaint on Defendants by the United States Marshals Service. As a sanction, those benefits will now be taken away.

If Plaintiff Sheik Love EL wishes to proceed with this case, he must (1) pay the $350 filing fee to the Clerk of the Court and (2) pay an additional $100 sanction to reimburse the United States government for the costs associated with service of the summonses and complaint by the United States Marshals Service. In regard to the service costs, the docket sheet reflects a return of service [30], which was not executed because Plaintiff did not return the USM-285 forms to the Marshals Service. The docket also shows two subsequent executed returns of service [49, 50] on Defendants and reports one hour and one mile as the time and distance associated with the Marshals' efforts. Payment of the $100 sanction may be made through the Clerk of the Court. Both payments must be made no later than May 9, 2011. In the event that the sanctions are not paid by May 9, this lawsuit will be dismissed with prejudice. See *Thomas*, 288 F.3d at 306-07 (explaining why dismissal without prejudice often amounts to "no sanction at all"). The Court recognizes that Plaintiff might be either unwilling or unable to pay these sums, but these costs are imposed by virtue of Plaintiff Sheik Love EL's own conduct.

## III.  Conclusion

In sum, Defendants' motion to dismiss [56] is denied, but as a sanction short of dismissal for Plaintiff Sheik Love EL's material omissions from his IFP application, the Court orders Plaintiff Sheik Love EL to pay the Clerk of the Court $350.00 (the amount of a filing fee) by May 9, 2011. In addition, the Court orders that Plaintiffs pay by May 9, 2011, an additional sanction of $100 to the United States of America as an approximate reimbursement to the United States government for the service of the summonses and complaint by the Marshals Service. Both payments can be made in the Clerk's Office of the United States District Court for the Northern District of Illinois. If the sanctions are not paid by May 9, this case will be dismissed with prejudice.