Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1047 | **DATE** | 5/27/2011 |
| **CASE TITLE** | The Moorish National Republic, et al. vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

Before the Court are the following: (1) Plaintiffs' motion to state for the public record by what authority does the court dismiss Plaintiffs' prior motion to rule on docket entries 49 and 50 [89], (2) Plaintiffs' motion to strike pending motion docket entry 43 and deadline to file reply brief [91], and (3) Plaintiffs' objections to docket entry 88 [93]. For the reasons stated below, the motions [89, 91] are denied and the objections [93] are overruled. In view of this ruling, the notice of motion date of 5/31/2011 is stricken and no appearances are necessary on that date.

■[ For further details see text below.]     Docketing to mail notices.Notices mailed by Judicial staff.

# STATEMENT

Plaintiffs' motions and objections appear to take the position that Plaintiffs are entitled to an order of default (and perhaps a default judgment) because Defendants did not file (and have not to this date filed) an answer to Plaintiffs' complaint. Plaintiffs' contention rests on a fundamental misapprehension of the Federal Rules of Civil Procedure, which the Court explained in its May 24 minute order [88] and will further explicate here.

Federal Rule of Civil Procedure 12 governs the time to file a responsive pleading. As the Court previously noted, Rule 12 permits a party to file a motion to dismiss a complaint instead of filing an answer. The docket sheet in this case reflects that Defendants filed a motion to dismiss the complaint [43] on September 30, 2010. In fact, counsel for Defendants advised the Court and Plaintiffs that Defendants would proceed in such fashion at a September 21, 2010 status hearing and the Court set a briefing schedule on the anticipated motion to dismiss at that time [see 40]. Briefing on the original motion to dismiss was suspended by court order [see 59] dated November 29, 2010, following the filing by Defendants of a motion to dismiss this case on a different ground – namely, alleged misrepresentations by Plaintiff Sheik Love EL in his IFP application. After that second motion to dismiss was denied and Plaintiffs paid the sanction imposed in lieu of dismissal, the Court lifted the stay on briefing of the first motion to dismiss and set a deadline for the filing of the reply brief. The salient point is that because Defendants' first motion to dismiss remains pending before the Court, Defendants have been (and continue to be) under no obligation to file an answer to the complaint. Rule 12(a)(4) spells this out: "serving a motion under this rule" – which Defendants did on September 30, 2010 – "alters these periods as follows: (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action." Fed. R. Civ. P. 12(a)(4). The bottom line is that the soonest that an answer on behalf of Defendants conceivably could be due in this case is 14 days after the Court denies the pending motion to dismiss in the event that the motion is in fact denied.

One final point: the fact that the motion to dismiss predates the service of the summons does not alter the

## STATEMENT

analysis. The docket sheet reflects that Defendants plainly had notice of the complaint and its contents and had appeared in Court on this matter repeatedly long before the Marshals Service actually executed the summons – as Plaintiffs undoubtedly were aware because they too were present in open court when counsel for Defendants stated that the motion to dismiss would be forthcoming and a briefing schedule was set. The complaint was available on the electronic docket from the beginning of the case. To be sure, Defendants could have waited for proper service before filing a motion to dismiss or a responsive pleading, but they were not obligated to do so. By filing their motion to dismiss and not raising any defect in service as a ground for dismissal, Defendants waived any objection that they may have had concerning the manner in which they were served. The motion to dismiss is properly before the Court, and the Court will issue a ruling on the motion by mail after considering all of the briefing on the motion, including the reply brief due on June 14, 2011. Plaintiffs' motions [89, 91] are denied and the objections [93] are overruled. In view of this ruling, the notice of motion date of 5/31/2011 is stricken and no appearances are necessary on that date.

