# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1047 | **DATE** | 6/29/2011 |
| **CASE TITLE** | The Moorish National Republic, et al. vs. City of Chicago | | |

**DOCKET ENTRY TEXT**

Before the Court are several motions [125, 126, 127, 128, 129] filed by Plaintiff. As explained below, the motions concerning the reply brief and the schedule for its submission [125, 126, 127] are denied. The motions seeking clarification [128, 129] are granted in part, with clarification provided below. The notice of motion date of 6/30/2011 is stricken and no appearances are necessary on that date. Please see below for further details and information concerning the anticipated disposition of the pending motion to dismiss and the handling of any further motions that may be filed in the interim.

■[ For further details see text below.]

Docketing to mail notices. Notices mailed by Judicial staff.
*Copy to judge/magistrate judge.

## STATEMENT

Like several prior filings, several of the motions filed this week [125, 126, 127] take issue with the Court's granting of extensions of time, including in regard to the reply brief in support of Defendants' motion to dismiss. Other motions [128, 129] seek clarification and/or further explanation in regard to the Court's views of the various statements by defense counsel in her motions.

The motion objecting to the previously granted motions for extension of time [125] is denied for the reasons set forth in the Court's June 22 minute order [122]. The motions to strike the reply brief on account of "default" [126, 127] likewise are denied; the due date for that brief has been extended to 7/11/2011.

The motions seeking clarification of the Court's prior orders and addressing whether defense counsel is "testifying" for her clients in violation of the Federal Rules of Evidence [128, 129] are granted in part with the following explanation. When parties to litigation request extensions of time or other procedural relief, counsel (or the parties themselves, if they are *pro se*) often must make representations to the Court explaining the justification for the relief requested. In this instance, the "representations" principally have dealt with counsel's schedule. When any party makes representations in a motion for extension of time – for example, about counsel's scheduling conflicts – those representations have nothing to do with the merits of the case. They are not "evidence" or "testimony" on the substance of the case. Indeed, the materials that the Court may consider at this stage of the case – where a motion to dismiss is pending – are carefully circumscribed by Supreme Court and Seventh Circuit precedent to which the Court will carefully adhere.

Finally, in view of the barrage of motions that have been filed recently by Plaintiff, the Court provides the following additional guidance for the parties: As Magistrate Judge Keys recently noted, the focus of the assigned judges in this case is the pending motion to dismiss, which will be fully briefed as of 7/11/2011. As soon as the reply brief is filed, the Court will turn its attention to the disposition of that motion and will issue

| STATEMENT |
|---|
| a ruling as expeditiously as possible.  Until a ruling is issued on that motion, in all likelihood any further non-emergency motions either will be (1) stricken (if duplicative of prior motions or moot in light of the ruling on the motion to dismiss) or (2) entered and continued so that they may be addressed at a future status date if some or all of the complaint survives. |