# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1047 | **DATE** | 8/25/2011 |
| **CASE TITLE** | \multicolumn{3}{l}{The Moorish National Republic, et al. vs. City of Chicago, et al.} |

**DOCKET ENTRY TEXT**

This matter is before the Court on an "Objection to Memorandum Opinion and Order of the Court" [157], filed by Plaintiffs on July 25, 2011. The Court construes the objection as a motion to reconsider the Court's ruling of July 19, 2011, which granted Defendants' motion to dismiss in its entirety. Also before the Court is Plaintiffs' "motion for leave to amend additional defendants to complaint" [153]. For the reasons set forth below, Plaintiffs' objection/motion for reconsideration [157] is denied, and Plaintiffs' motion for leave to amend [153] is denied as moot. The remaining pending motions [94, 98, 99, 118, 119, 135, 138, 142, and 159] also are denied as moot given the Court's previous rulings, including the ruling on Defendants' motion to dismiss. This case is closed in its entirety.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

On July 19, 2011, the Court granted Defendants' motion to dismiss [43] in its entirety as to the claims asserted by Plaintiff Sheik L. Love EL. The Court dismissed his federal claims for failure to state a claim and dismissed his state law claims without prejudice (as the Court declined to exercise supplemental jurisdiction). The Court did not decide the merits of any claims asserted by Plaintiff Sheikess Diana EL, but gave her thirty days to file a motion for leave to amend the complaint if she believed that she could cure the defects identified by the Court. The Court advised Sheikess Diana EL that in addition to signing her pleadings (or submitting them through licensed counsel), Plaintiff Sheikess Diana EL needed to demonstrate that an amendment would not be futile in view of the Court's analysis of Plaintiff Sheik L. Love EL's claims and the existence of probable cause with respect to those claims. Plaintiff Sheikess Diana EL has not filed a motion for leave to amend and the time for doing so has passed. In its July 19 opinion, the Court also denied as moot Plaintiffs' motions for summary judgment [37 and 51] and denied Plaintiffs' motion for default judgment [53] for reasons previously, and repeatedly, stated.

A motion to reconsider is proper only when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). A motion to reconsider also may be appropriate if there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Id.* By contrast, because judicial opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure" (*Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)), "motions to reconsider are not appropriate vehicles to advance arguments already rejected by the Court or new legal theories not argued before the ruling." *Zurich Capital Mkts., Inc. v. Coglianese*, 383 F. Supp. 2d 1041, 1045 (N.D. Ill. 2005). In view of

| STATEMENT |
|---|

these exacting standards, it is not surprising that our court of appeals has opined that issues appropriate for reconsideration "rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee*, 906 F.2d at 1191.

Plaintiffs' motion to reconsider does not set forth any facts or argument which bear on the Court's ruling on Defendants' motion to dismiss. Rather, Plaintiffs merely state that they are "tempted to delve into the substance of DE [152]" but would prefer to rest on the materials previously submitted to the Court and "demand[] that this Court reevaluate its position which would likely be reversed on appeal for a number of reasons as this Court (nor is any other court for that matter) is above the law or the rules." [157 at ¶ 12.]

Here, continuing to accord Plaintiffs wide latitude in the presentation of their arguments, there simply is no argument that the Court "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee*, 906 F.2d at 1191. To the contrary, the Court understood and fully addressed the arguments raised by the parties in the briefing on the motion to dismiss, and nothing in Plaintiffs' "objection," or the numerous other motions Plaintiff Sheik EL has filed, raises issues that have not been addressed fully and fairly in the Court's July 19 memorandum opinion and order, and throughout this case by both this Court and Magistrate Judge Keys.

The other docket entries to which Plaintiffs repeatedly refer do not save their complaint from dismissal. Rather, the issues presented by Defendants in their motion to dismiss were threshold issues that the Court needed to resolve prior to considering most of the issues raised by Plaintiffs in their various motions. To the extent that any of Plaintiffs' assertions bore on the motion to dismiss–for instance, Plaintiffs' repeated assertion that defense counsel should be sanctioned for testifying on behalf of their clients or Plaintiffs' argument that their status as Moorish Nationals exempts them from compliance with Illinois state law or the Chicago Municipal Code–the Court and Magistrate Keys have considered, and rejected, those arguments, either in this Court's July 19 opinion or in various other orders addressing Plaintiffs' contentions [88, 97, 124, 141, 147] . Any remaining issues that have not been addressed have been rendered moot in light of the existence of probable cause for Plaintiff Sheik L. Love EL's detentions and Plaintiffs' repeated failure to follow the Federal Rules of Civil Procedure.

Plaintiff Sheikess Diana EL declined to file a motion for leave to amend within the thirty days given by the Court. As set forth in the Court's July 19 opinion, an individual's right to plead his or her own case has never been extended to permit an individual non-attorney to act on behalf of a corporation or another person. Sheik Love EL—who is not a licensed attorney—continues to attempt to appear for the other named Plaintiffs and he simply cannot do so. Sheikess Diana EL repeatedly has been informed that she may not be represented by Sheik Love EL. Despite these admonitions, including the Court's final grant of thirty days to file a motion for leave to amend, Sheikess Diana EL has not signed any pleadings of her own nor has she secured proper counsel to submit any pleadings on her behalf. Thus, her claims are not now – and never have been – properly before this Court. Additionally, Sheikess Diana EL has made no attempt to demonstrate that an amended pleading would not be futile in view of the Court's analysis of Plaintiff Sheik Love EL's claims and the existence of probable cause with respect to those claims.

Furthermore, Plaintiffs' motion to amend is futile. For the reasons stated in the July 19 opinion, adding the additional parties does not save Plaintiffs' claims from dismissal. As to Plaintiff Sheik Love EL, the putative defendant officers still had probable cause to effectuate his arrest. And as to Sheikess Diana EL, the Court offers no opinion on the merits of her claims as she has declined to properly present them for consideration despite repeated, and final, warnings from this Court and Judge Keys.

## STATEMENT

In summary, Plaintiff Sheik Love EL's federal claims are dismissed with prejudice and a Rule 58 final judgment will be entered on those claims for Defendants and against Plaintiff Sheik Love EL. Plaintiff Sheik Love EL's state law claims are dismissed without prejudice; Plaintiff Sheik Love EL may seek to refile those claims in state court. See 735 ILCS 5/13-217; *Davis v. Cook County*, 534 F.3d 650, 654 (7th Cir. 2008). Finally, given that Sheikess Diana EL declined to file a motion for leave to amend the complaint to properly assert any claims that she may wish to pursue, either *pro se* or through licensed counsel, the Court offers no further views on the merits of such claims. As her claims were never properly asserted in this Court, there will be neither a disposition or a judgment as to any putative claims by Sheikess Diana EL. With today's rulings, all pending motions are disposed of and this case is closed in its entirety.