# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1047 | **DATE** | 2/5/2013 |
| **CASE TITLE** | The Moorish National Republic, et al. vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, the Court denies Plaintiff's Rule 60 Motion to Vacate Previous Voidable Order Granting Defendants' Initial Motion to Dismiss [168] and denies as moot Plaintiff's Motion for a Rule 57 Declaratory Judgment [172] as the Court declines to reopen this case. This case remains closed.

■[ For further details see text below.]                                         Docketing to mail notices.Notices mailed by Judicial staff.

## STATEMENT

After extensive briefing, on July 19, 2011, this Court dismissed Plaintiff's federal claims for failure to state a claim upon which relief could be granted and declined to exercise jurisdiction over Plaintiff's Illinois state law claims. Thereafter, on July 25, 2011, Plaintiff filed objections to the Court's order, which the Court construed as a motion to reconsider. The Court ultimately found that Plaintiff had not advanced any facts or arguments which would have changed the outcome and dismissed his claims with prejudice. Plaintiff Sheik L. Love EL now moves this Court to vacate its prior order of July 19, 2011, dismissing the instant action under Fed.R.Civ.P. 60, claiming it is "voidable."

Putting aside the fact that the Court already has denied Plaintiff's initial motion to reconsider, relief from judgment under Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances. See *Del Carmen v. Emerson Electric Co.*, 908 F.2d 158, 161 (7th Cir. 1990). Rule 60(b) motions exist to allow courts to overturn decisions where "special circumstances" justify an "extraordinary remedy." *Cash v. Illinois Div. of Mental Health*, 209 F.3d 695, 698 (7th Cir. 2000). Rule 60(b) motions premised upon fraud must be brought "no more than a year after the entry of the judgment or order or date of the proceeding." Fed. R. Civ. P. 60(c)(1). This time limit is jurisdictional and cannot be extended. *Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006). Thus, to the extent that Plaintiff is moving under Rule 60(b)(1), (2), or (3) (Plaintiff does not specify, nor does he even cite the proper Rule 60 standard in his motion), his motion comes too late under Rule 60(b), because the judgment that Plaintiff seeks to vacate was entered in August 2011, and Plaintiff did not filed his Rule 60(b) motion until December 2012. The other conceivable option for Plaintiff is Rule 60(b)(4), which allows courts to relieve parties from final judgment where the judgment is void.

Rule 60(b)(4) allows "changes that alter the original meaning to correct a legal or factual error." *American Federation of Grain Millers, Local 24 v. Cargill Inc.*, 15 F.3d 726, 728 (7th Cir.1994) (quoting *Wesco Products Co. v. Alloy Auto. Co.*, 880 F.2d 981, 984 (7th Cir.1989)). Rule 60(b) (4) doesn't apply in this case. Plaintiff

**STATEMENT**

has entirely failed to demonstrate any reason why the judgment itself is void. See *Wesco Products Co. v. Alloy Automotive Co.*, 880 F.2d 891 (7th Cir. 1989). Nothing indicates that the judgment is subject to attack because it is based on legal or factual error. As the Court has previously noted in its orders of July 19, 2011 and August 25, 2011, the parties exhaustively briefed the issues, the Court found probable cause for Plaintiff's arrest, and the Court dismissed Plaintiff's federal claims. Plaintiff's motion characterizes the Court's order as "voidable," yet fails to provide the Court with any case law or argument to articulate how this Court's order is in fact voidable. He merely makes the conclusory statement that the Court's order is voidable, reiterates the same facts that previously existed in the record, provides the incorrect standard of review, and advances either previously improper arguments or arguments which have no legal basis or support. In short, Plaintiff has provided this Court no basis whatsoever to disturb its prior rulings. Therefore, the Court denies Plaintiff's Rule 60 Motion to Vacate Previous Voidable Order Granting Defendants' Initial Motion to Dismiss [168] and denies as moot Plaintiff's Motion for a Rule 57 Declaratory Judgment [172] as the Court declines to reopen this case.